UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY E. EALY,
Petitioner,

vs.

CHIEF CLINICAL OFFICER,
SUMMIT BEHAVIORAL FACILITY,
Respondent.

Civil Action No. 1:09-cv-244

Dlott, J.
Black, M.J.

**ORDER**

Petitioner Larry E. Ealy brings this case *pro se* as next friend of his son, Larry L. Ealy, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order of the Montgomery County Probate Court, Mr. Ealy's son was involuntarily committed to the Summit Behavioral Health Care facility in Hamilton County, Ohio. This matter is before the Court on a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Petitioner alleges that his son has been unconstitutionally involuntarily committed to the custody of respondent by Order of the Montgomery County Probate Court. Attached to the petition are the Order of the Probate Court Magistrate directing petitioner's son to inpatient treatment at Good Samaritan Hospital–Psychiatric Unit for a period of ninety-days; an Entry Changing Treatment Setting transferring petitioner's son to the Summit Behavioral Health Care facility; a decision from the Ohio Court of Appeals, Second District, dated March 31, 2009 denying petitioner's petition for a writ of habeas corpus on behalf of his son; various entries from the Ohio Supreme Court; and documents from *Ealy v. Shulte*, Case No. 3:09-cv-98 (S.D. Ohio) (dismissing Ealy's habeas corpus petition for failure of exhaustion).

In this case, it is clear from the face of the petition and exhibits attached thereto that

petitioner is not entitled to habeas corpus relief because petitioner has not exhausted his state court remedies by way of direct appeal.

An application for a writ of habeas corpus shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c).

Petitioner has not exhausted his state court remedies on the claims presented in the petition. Instead of filing a direct appeal from the involuntary commitment order, petitioner filed a petition for a writ of habeas corpus in the Montgomery County, Ohio Court of Appeals challenging his son's commitment. *See Ealy v. Schulte*, Case No. 23309 (Second Appellate Dist. March 31, 2009)(Doc. 1, attachment). As the state appellate court's decision reflects, Magistrate White of the Montgomery County Common Pleas Court, Probate Division ordered that Larry L. Ealy be civilly committed and detained for psychiatric inpatient treatment on February 12, 2009. Ealy filed objections to the Magistrate's Order, and as of the date of the state appellate court's March 31, 2009 decision the Probate Court had not journalized a decision on Ealy's objections. *Id*.

The state appellate court dismissed the habeas corpus petition finding that petitioner had an adequate remedy by way of a direct appeal. *Id.* The Ohio Court of Appeals determined that petitioner has the "right to appeal the Probate Court's initial commitment order, whether entered

under R.C. 5122.15(C), after objections are ruled upon by the Probate Court, or under R.C. 5122.15(J), once the 14-day objection period has passed. Such orders are specifically made final under R.C. 5122.15(K) and thus appealable under R.C. 2101.42.[1]" *Id.,* quoting *Youngs v. Rogers,* 65 Ohio St.2d 27, 30, 417 N.E.2d 1250, 1252 (1981). The Court of Appeals concluded that Mr. Ealy has an adequate remedy at law through a direct appeal and therefore is not entitled to a writ of habeas corpus.

Similarly, petitioner has failed to show he exhausted his state court remedies before filing the instant federal habeas corpus petition. Petitioner has neither alleged nor shown that the Probate Court has ruled on his objections to the Magistrate's Order. Nor has petitioner alleged or shown he has filed a direct appeal of any final civil commitment order under Ohio App. R. 4(A). Therefore, petitioner's federal habeas corpus petition must be dismissed for petitioner's failure to exhaust his state court remedies.

## IT IS THEREFORE ORDERED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** without prejudice to refiling after petitioner has exhausted his Ohio remedies.

2. A certificate of appealability shall not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state

---

[1] Ohio Rev. Code § 2101.42 provides: "From any final order, judgment, or decree of the probate court, an appeal on a question of law may be prosecuted to the court of appeals in the manner and within the time provided for the prosecution of such appeals from the court of common pleas to the court of appeals. For the purpose of prosecuting appeals on questions of law from the probate court, the probate court shall exercise judicial functions inferior only to the court of appeals and the supreme court."

remedies and that this case should be dismissed without prejudice pending exhaustion of such remedies.[2]

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and, therefore, **DENIES** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

/s/ Susan J. Dlott
Susan J. Dlott, Chief Judge
United States District Court

---

[2] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack*, 529 U.S. at 484.

4